00/00/2011  16:10:27 FAX 213249   0       NATIONWIDE LEGAL

COPY

1   JODY A. LANDRY, Bar No. 125743
    jlandry@littler.com
2   LENA K. SIMS, Bar No. 212904
    lsims@littler.com
3   LITTLER MENDELSON, P.C.
    501 W. Broadway, Suite 900
4   San Diego, CA 92101.3577
    Telephone: 619.232.0441
5   Facsimile:  619.232.4302

6   Attorneys for Defendant
    ECOLAB INC.
7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10  DOUG LADORE, an Individual, for       Case No. **CV11-9386** ~GAF
    Himself and Those Similarly Situated;           (FMOX)
11  MOES 1 Through 3000 and the
    Proposed Class,                       (Los Angeles Superior Court, Case No.
12                                        BC471168)
              Plaintiffs,
13                                        **NOTICE TO FEDERAL COURT OF**
    v.                                    **REMOVAL OF CIVIL ACTION**
14                                        **FROM STATE COURT PURSUANT**
                                          **TO 28 U.S.C. SECTIONS 1332(d),**
15  ECOLAB, INC., a Delaware              **1441 AND 1446**
    Corporation; and DOES 1 Through
16  100, Inclusive,
                                          Complaint Filed: October 7, 2011
17            Defendants.

18

19           TO  THE  CLERK  OF  THE  ABOVE  ENTITLED  COURT  AND

20  PLAINTIFF DOUG LADORE AND HIS ATTORNEYS OF RECORD:

21           PLEASE  TAKE  NOTICE  that  Defendant  ECOLAB  INC.  (hereinafter

22  collectively "Defendant" or "ECOLAB") hereby removes the below referenced action

23  from Los Angeles Superior Court in the State of California to the United States

24  District Court for the Central District of California.  Removal is based on 28 U.S.C.

25  sections 1332(d) (the Class Action Fairness Act), 1441(b), and 1446 on the following

26  grounds:

27                     **STATEMENT OF JURISDICTION**

28       1.     This Court has original jurisdiction over this action under the Class

LITTLER MENDELSON, P.C.
A Professional Corporation
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

                                NOTICE TO FEDERAL COURT OF REMOVAL OF
                                CIVIL ACTION FROM STATE COURT

1   Action Fairness Act of 2005.  *See* 28 U.S.C. section 1332(d).  In relevant part, the

2   Class Action Fairness Act grants district courts original jurisdiction over civil class

3   actions filed under federal or state law in which any member of a class of plaintiffs is

4   a citizen of a state different from any defendant and where the amount in controversy

5   for the putative class members in the aggregate exceeds the sum or value of

6   $5,000,000, exclusive of interest and costs.  The Act authorizes removal of such

7   actions pursuant to 28 U.S.C. section 1446.  As set forth below, this case meets all of

8   the Class Action Fairness Act's requirements for removal and is timely and properly

9   removed by the filing of this Notice.

10   **PLEADINGS, PROCESS, AND ORDERS**

11   2.   On October 14, 2011, Plaintiff DOUG LADORE ("Plaintiff") served

12   Defendant, through its registered agent for service of process, with the Class Action

13   Complaint he filed in the Los Angeles County Superior Court in the State of

14   California: *Doug Ladore vs. Ecolab, Inc.*, Case No. BC471168 (hereinafter "the

15   Complaint").  Plaintiff and the members of the putative class are alleged to be "non-

16   exempt employees working applying pest control substances, and who have worked in

17   California, but have not receive full and correct pay for all hours worked and have not

18   received accurate itemized wages statements [sic] required pursuant to Labor Code

19   section 226 and have not released their claims."   Complaint ¶ 5.

20   3.   Plaintiff's Complaint asserts three (3) causes of action:  (1) Wages Owed;

21   (2) Violation of Business & Professional Code Section 17200; and (3) Action for Civil

22   Penalties and Unfair Labor Practices Brought Pursuant to the California Labor Code

23   Private Attorney's General Act of 2004 [California Labor Code Section 2699 or

24   "PAGA"].

25   4.   True and correct copies of the documents served on Defendant are

26   attached hereto as follows:

27   a.   The Complaint is attached hereto as **Exhibit "A."**

28   b.   The Summons is attached hereto as **Exhibit "B."**

LITTLER MENDELSON, P.C
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

2.

NOTICE TO FEDERAL COURT OF REMOVAL OF
CIVIL ACTION FROM STATE COURT

1        c.     The Civil Case Cover Sheet is attached hereto as **Exhibit "C."**

2        d.     The Notice of Superior Court of California, County of Los Angeles

3                 designating the case as non-complex and reassigning the case is

4                 attached hereto as **Exhibit "D."**

5     5.     Attached hereto and incorporated herein by reference as **Exhibit "E"** is a

6 true and correct copy of Defendant's Answer to Plaintiffs' Class Action Complaint,

7 filed on November 8, 2011.

8     6.     Defendant is informed and believes that no further proceedings related

9 thereto have been heard in Los Angeles County Superior Court.

10 **JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

11     7.     Section 4 of the Class Action Fairness Act of 2005, 28 U.S.C. section

12 1332(d)(2),[1] as amended, provides in pertinent part as follows:

13        The district courts shall have original jurisdiction of any civil

14        action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a

15        class action in which . . .

16         (A) any member of a class of plaintiffs is a citizen of a State

17        different from any defendant.

18     8.     This is a civil action over which this Court has original jurisdiction under

19 28 U.S.C. § 1332(d) and one that may be removed to this Court by Defendants

20 pursuant to 28 U.S.C. sections 1441(b) and 1446.

21 **PURPORTED CLASS ACTION UNDER STATE LAW**

22     9.     This action has been styled as a class action. *See e.g.*, Complaint ¶ 5.

23 **CITIZENSHIP**

24     10.     During the entire course of his employment with Defendant, Plaintiff was

25 a resident of the County of Los Angeles in the State of California. Complaint ¶ 1. *See*

26

27 _____

28 [1] While there are a number of exceptions to this new rule of original jurisdiction contained in amended 28 U.S.C. section 1332(d)(3)-(5), none of them is applicable to the instant action.

LITTLER MENDELSON, P.C
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

3.

NOTICE TO FEDERAL COURT OF REMOVAL OF
CIVIL ACTION FROM STATE COURT

1  *also District of Columbia v. Murphy*, 314 U.S. 441, 455 ("The place where a man

2  lives is properly taken to be his domicile until facts adduced establish the contrary");

3  *State Farm**Error! Bookmark not defined.** Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514,

4  520 (10th Cir. 1994) (a party's residence is prima facie evidence of his domicile); *Stine*

5  *v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) ("the place of residence is prima facie the

6  domicile"); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008)

7  (maintaining a place of residence provides a prima facie case of domicile).  Plaintiff is

8  therefore a citizen of the State of California.  *See* 28 U.S.C. § 1332(a)(1) (an

9  individual is a citizen of the state in which he or he is domiciled).

10      11.   The Complaint alleges that the potential class is "all Senior Pest

11  Elimination Service Specialists and Pest Elimination Service Specialists employed by

12  Defendants within four years prior to the filing of this complaint who are non-exempt

13  employees working applying pest control substances, and who have worked in

14  California, but have not received full and correct pay for all hours worked and have

15  not received accurate itemized wages [sic] statements required pursuant to Labor

16  Code section 226 and have not released their claims."  Complaint ¶ 5.

17      12.   Defendant was, at the time of the filing of this action, and remains a

18  citizen of the States of Delaware and Minnesota, in that it was and continues to be a

19  corporation incorporated under the laws of the State of Delaware with its principal

20  place of business in St. Paul, Minnesota.  Declaration of Valerie Seltun ("Seltun

21  Decl.") ¶¶ 6, 7.  28 U.S.C. §§1332(a)(1), (c)(1), 1441(b).

22      13.   Defendants Does 1 through 3000 (also referenced in the Complaint as

23  "Moes"), inclusive, are fictitious.  The Complaint does not set forth the identity or

24  status of any said fictitious defendants, nor does it set forth any charging allegation

25  against any fictitious defendants.  Pursuant to Section 1441, the citizenship of

26  defendants sued under fictitious names must be disregarded for the purpose of

27  determining diversity jurisdiction and cannot destroy the diversity of citizenship

28  between the parties in this action.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-

LITTLER MENDELSON, P.C
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

4.

NOTICE TO FEDERAL COURT OF REMOVAL OF
CIVIL ACTION FROM STATE COURT

1  91 (9th Cir. 1998).

2       14.    Accordingly, Plaintiff is a citizen of a state different from the Defendant.

3  **AMOUNT IN CONTROVERSY**

4       15.    The Class Action Fairness Act authorizes the removal of class actions in

5  which, among other factors mentioned above, the amount in controversy for all class

6  members exceeds five million dollars ($5,000,000). *See* 28 U.S.C. § 1332(d). The

7  Complaint places more than five million dollars in controversy. While Defendant

8  denies Plaintiff's claims of wrongdoing and denies his requests for relief thereon, the

9  facial allegations in Plaintiff's Complaint and the total amount of wages, penalties,

10  attorneys' fees, and other monetary relief at issue in this action is in excess of this

11  Court's jurisdictional minimum, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th

12  Cir. 1999) (facts presented in notice of removal, combined with Plaintiffs' allegations,

13  sufficient to support finding that jurisdictional limits satisfied), is calculated as

14  follows:

15      (a)    Plaintiff asserts claims for himself and the putative class for 1) Wages

16  Owed; (2) Violation of Business & Professional Code Section 17200; and (3) Action

17  for Civil Penalties and Unfair Labor Practices Brought Pursuant to the California

18  Labor Code Private Attorney's General Act of 2004 [California Labor Code Section

19  2699 or "PAGA"]. Complaint, *passim*. He alleges on behalf of the putative class that

20  Defendant has violated Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512,

21  558, 1194 and 2802. Complaint, ¶¶ 13-15, 30-32, 36.

22      (b)    Plaintiff asserts the relevant time period covering the claims at issue in

23  this case is the four-year period immediately preceding the filing of the state court

24  action on October 7, 2011. Complaint ¶ 5. The class period therefore begins to run

25  on approximately October 7, 2007.

26      (c)    Each of Plaintiff's claims derives from the allegation that Plaintiff and

27  the putative class members were misclassified as exempt from overtime. Plaintiff

28  specifically alleges that "The class members' claims against Defendants involve

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

5.

NOTICE TO FEDERAL COURT OF REMOVAL OF
CIVIL ACTION FROM STATE COURT

1  questions of common or general interest, in that each was employed by Defendants
2  and each was not paid wages owed based on the same exemption from overtime
3  claimed by Defendants, namely the 'motor carrier exemption'." Complaint ¶ 6.
4  Defendant denies Plaintiff's claims.

5         (d)    Among his several claims of Labor Code violations, Plaintiff alleges a
6  violation of Labor Code section 226. Complaint ¶¶ 5, 32, 36. Labor Code section
7  226(a) requires that employers provide employees with "an accurate itemized
8  statement in writing" listing specified information at the time wages are paid. Labor
9  Code § 226(a). Labor Code section 226(e) provides for penalties in the amount of
10 "fifty dollars for the initial pay period in which a violation [of subdivision (a)] occurs
11 and one hundred dollars ($100) per employee for each violation in a subsequent pay
12 period, not exceeding an aggregate penalty of four thousand dollars ($4,000)." During
13 the relevant time period, Defendant paid its employees who worked as Senior Pest
14 Elimination Service Specialists or Pest Elimination Service Specialists in the State of
15 California on a semi-monthly basis. Seltun Decl. ¶ 5. There were at least 248
16 putative class members between October 7, 2010 and the present who were issued
17 5791 paychecks on the semi-monthly paydays during that same time period. Seltun
18 Decl. ¶ 5. Ecolab denies Plaintiffs' claims. Nevertheless, if Plaintiff were to prove
19 his allegations that he and the putative class members were not provided with accurate
20 itemized wage statements for which they are entitled to penalties, the potential amount
21 in controversy for this claim is **$566,700** ($554,300 [5543 [actual number of pay
22 checks issued, less one for 248 putative class members] x $100) + $12,400 (248 x $50
23 [penalty for the initial pay period in which a violation occurs]).

24        (e)    Plaintiff also alleges an entitlement to PAGA penalties for violations of
25 Labor Code sections 226, 226.7, 510, 512, and 558. Complaint ¶¶ 5, 32, 36. For
26 Labor Code sections for which there is not otherwise a civil remedy (i.e., Labor Code
27 sections 226, 226.7 510 and 512), PAGA provides that "[i]f, at the time of the alleged
28 violation, the person employs one or more employees, the civil penalty is one hundred

LITTLER MENDELSON, P.C
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

6.

NOTICE TO FEDERAL COURT OF REMOVAL OF
CIVIL ACTION FROM STATE COURT

1   dollars ($100) for each aggrieved employee per pay period for the initial violation and
2   two hundred dollars ($200) for each aggrieved employee per pay period for each
3   subsequent violation." Labor Code § 2699(f)(2). Plaintiff alleges an entitlement to
4   PAGA penalties for subsequent violations. Complaint, p. 8.

5       For Labor Code sections for which there is a civil remedy (i.e., Labor Code
6   section 558), that civil remedy may be recovered under PAGA. Labor Code section
7   558 provides in part for civil penalties "[f]or any initial violations, [of] fifty dollars
8   ($50) for each underpaid employee for each pay period for which the employee was
9   underpaid in addition to an amount sufficient to recover unpaid wages." Labor Code
10   § 558(a)(1).

11       Defendant denies Plaintiff's claims and has raised various defenses to said
12   claims. Nevertheless, if Plaintiff proved his allegations, the potential amount in
13   controversy on this claim is **$5,100,300** ($4,533,600 + $566,700). The portion of that
14   sum for the alleged PAGA violations for which there is not otherwise a civil remedy is
15   calculated as follows: $4,434,400 (5543 [actual number of paychecks issued less one
16   for 248 putative class members] x 4 [for alleged violations of Labor Code section 226,
17   226.7, 510 and 512] x $200) + $99,200 (248 [number of individuals in the putative
18   class from October 7, 2010 to the present] x $100 [penalty for an initial violation] x 4
19   [for alleged violations of Labor Code section 226, 226.7, 510 and 512]) = $4,533,600.

20       The portion of that sum for the alleged PAGA violation with respect to Labor
21   Code section 558, for which there is a civil remedy, is calculated as follows: **$566,700**
22   ($554,300 [5543 [actual number of pay checks issued, less one for 248 putative class
23   members] x $100) + $12,400 (248 x $50 [penalty for the initial pay period in which a
24   violation occurs]).

25       (f)    Plaintiff also alleges on behalf of himself and the putative class an
26   entitlement to waiting time penalties pursuant to Labor Code section 203, which
27   provides that wages continue at an employee's daily rate of pay until the final wages
28   are paid, or an action to recover them is commenced, up to a maximum of 30 days.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

7.

NOTICE TO FEDERAL COURT OF REMOVAL OF
CIVIL ACTION FROM STATE COURT

Labor Code § 203.  There were at least 101 employees who worked as Senior Pest Elimination Service Specialists and/or Pest Elimination Service Specialists in the State of California who were terminated or resigned their positions from October 7, 2008 to the present.  Seltun Decl. ¶ 4.  Senior Pest Elimination Service Specialists and Pest Elimination Service Specialists who worked in the State of California during the period of October 7, 2007 to the present were paid wages in excess of $8.00 per hour.  Seltun Decl. ¶ 5.  Defendant denies Plaintiff's claims and alleges several defenses.  However, if Plaintiff were to prove his allegations, the potential value of this claim is at a minimum **$193,920**.  That sum is calculated as follows:   101 [number of putative class members terminated or resigned from October 7, 2008 to the present] x $8.00 [minimum wage in California] x 8 [assumed minimum number of hours worked per day] x 30 [for 30 calendar days of waiting time penalties].

(g)   Based on the amounts in controversy for penalties for the claim for violation of Labor Code section 226 [$566,700], penalties under PAGA [$5,100,300], and the claim for waiting time penalties under Labor Code 203 [$193,920], the amount in controversy is already **$5,860,920**, which is over the jurisdictional amount required for removal.

(i)   *In addition to the above*, Plaintiff alleges an entitlement to an unspecified amounts of compensation for alleged unpaid overtime pursuant to Labor Code section 510, premium wages for an unspecified number of meal and rest period violations pursuant to Labor Code sections 226.7 and 512, an unspecified amount of penalties pursuant to Labor Code section 210, and an unspecified amount for failure to indemnify pursuant to Labor Code section 2802.

(j)   Plaintiff also seeks attorneys' fees in his Complaint.  He alleges on behalf of himself and the putative class entitlement to an award to Plaintiff and the Class of reasonable attorneys' fees and costs pursuant to Labor Code sections 1194 and 2699(g).  *See e.g.*, Complaint ¶ 19 and Prayer for Relief ¶ 2.  It is well settled that, in determining whether a complaint meets the amount in controversy requirement, the

LITTLER MENDELSON, P.C
A PROFESSIONAL CORPORATION
501 W  Broadway
Suite 900
San Diego, CA  92101 3577
619 232 0441

8.

NOTICE TO FEDERAL COURT OF REMOVAL OF
CIVIL ACTION FROM STATE COURT

Court should consider the aggregate value of claims for damages *as well as* attorneys' fees. *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts).

17.     Based on the foregoing, under the Class Action Fairness Act, Plaintiff's claims for damages, penalties, attorneys' fees, and other monetary relief exceed the $5 million jurisdictional limit of this Court, as required by 28 U.S.C. section 1332(d).

18.     As a result, although Defendant denies Plaintiff's claims of wrongdoing and denies his requests for relief thereon, based upon the facial allegations in Plaintiff's Complaint the total amount of monetary relief sought by Plaintiff and the other class members is in excess of $5 million, exclusive of costs, plus attorneys' fees. Removal of this action under the Class Action Fairness Act is appropriate.

## TIMELINESS OF REMOVAL

19.     This Notice of Removal is timely in that it has been filed within thirty (30) days of Defendant be served with the Complaint, on October 14, 2011.

20.     The Class Action Fairness Act applies to actions that were "commenced" on or after on February 18, 2005.  Because this action was filed on May 22, 2008, it was "commenced" after February 18, 2005, as required by the Class Action Fairness Act.

21.     Removal is proper under the Class Action Fairness Act.

## NOTICE TO PLAINTIFF

22.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be served on Plaintiff's counsel of record:  Daniel J. Palay, Esq., Palay Law Firm, 121 N. Fir Street, Suite F, Ventura, CA  93001 and Alejandro P. Gutierrez, Law Offices of Hathaway, Perrett, Webster, Powers, Chrisman & Gutierrez, 5450 Telegraph Road, Suite 200, Ventura, CA  93006-3577.  In addition, a copy of Notice of Removal will be filed with the Clerk of the Court for Los Angeles County Superior Court.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego CA 92101 3577
619 232 0441

9.

NOTICE TO FEDERAL COURT OF REMOVAL OF
CIVIL ACTION FROM STATE COURT

1    WHEREFORE, having provided notice as required by law, the above-entitled

2    action should be removed from the Los Angeles County Superior Court.

3

4    Dated:   November 10, 2011

5

6

7    JODY A. LANDRY
     LENA K. SIMS
8    LITTLER MENDELSON, P.C.
     Attorneys for Defendant
9    ECOLAB INC.

10   Firmwide:105049093.1 057118.1114

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101 3577
619.232.0441

10.

NOTICE TO FEDERAL COURT OF REMOVAL OF
CIVIL ACTION FROM STATE COURT

# EXHIBIT A

| | |
|---|---|
| 1 | Daniel J. Palay, SBN 159348 |
| | Michael A. Strauss, SBN 246718 |
| 2 | **PALAY LAW FIRM** |
| | A Professional Corporation |
| 3 | 121 N. Fir Street, Suite F |
| | Ventura, CA 93001 |
| 4 | Phone: (805) 641-6600; Fax: (805) 641-6607 |
| | E-mail: mike@palaylaw.com |
| 5 | |
| | Alejandro P. Gutierrez, SBN 107688 |
| 6 | **Law Offices of HATHAWAY, PERRETT, WEBSTER,** |
| | **POWERS, CHRISMAN & GUTIERREZ** |
| 7 | A Professional Corporation |
| | 5450 Telegraph Road, Suite 200 |
| 8 | Ventura, CA 93006-3577 |
| | Phone: (805) 644-7111; Fax: (805) 644-8296 |
| 9 | E-mail: agutierrez@hathawaylawfirm.com |
| 10 | Attorneys for Plaintiff DOUG LADORE |

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 07 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAURNA WESLEY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| DOUG LADORE, an Individual, for himself and those similarly situated; MOES 1 Through 3000 and the proposed class,<br><br>Plaintiffs,<br><br>v.<br><br>ECOLAB, INC., a Delaware Corporation; and DOES 1 Through 100, Inclusive,<br><br>Defendants. | CASE NO.  B C 4 7 1 1 6 8<br><br>**Complaint Filed:**<br>**Assigned Court:**<br><br><u>**CLASS ACTION**</u><br><br>**COMPLAINT FOR:**<br><br>1) **WAGES OWED; AND**<br><br>2) **VIOLATION OF BUSINESS & PROFESSIONAL CODE SECTION 17200**<br><br>3) **ACTION FOR CIVIL PENALTIES AND UNFAIR LABOR PRACTICES BROUGHT PURSUANT TO THE CALIFORNIA LABOR CODE PRIVATE ATTORNEY'S GENERAL ACT OF 2004 [CALIFORNIA LABOR CODE SECTION 2699]** |

1

**COMPLAINT**

TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:

COME NOW, PLAINTIFFS, DOUG LADORE and MOES 1 through 3,000 (collectively "PLAINTIFFS") and the proposed class, and submit the following Complaint against ECOLAB, INC., and DOES 1 through 100, inclusive (collectively "DEFENDANTS"), and each of them, as follows:

1.      At all times herein mentioned, Plaintiff LADORE is and was an individual and a resident of the County of Los Angeles, State of California.  PLAINTIFFS MOES 1 through 3,000 are at all times residents of the State of California.

2.      At all times herein mentioned, ECOLAB, INC. (herein referred to as "ECOLAB") is and was a Delaware corporation doing business in Los Angeles, California.

3.      Venue is appropriate in the County of Los Angeles because Plaintiff LADORE and members of the class performed work in the County of Los Angeles for which they were not paid and DEFENDANTS have a principal place of business located in County of Los Angeles. LADORE worked during the relevant time period servicing DEFENDANTS' clients in the City of Beverly Hills.

4.      Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 100, inclusive, and by reason thereof sues said Defendants by their fictitious names. PLAINTIFFS will ask leave of Court to amend this complaint to allege the true names and capacity of said Doe Defendants when same have been fully and finally ascertained.

## CLASS ACTION ALLEGATIONS

5.      PLAINTIFFS bring this action on their own behalf, and behalf of all persons similarly situated.  The class represents and consists of all Senior Pest Elimination Service Specialists and Pest Elimination Service Specialists employed by DEFENDANTS within four years prior to the filing of this complaint who are non-exempt employees working applying pest control substances, and who have worked in California, but have not received full and correct pay for all hours worked and have not received accurate itemized wages statements required pursuant to Labor Code section 226 and have not released their claims.  The class represents over 100 persons and is so numerous that the joinder of each member of the class is impracticable.

2
COMPLAINT

1    6.    There is a well defined community of interest in the questions about law and fact
2  affecting the class PLAINTIFFS represent.  The class members' claims against DEFENDANTS
3  involve questions of common or general interest, in that each was employed by DEFENDANTS
4  and each was not paid wages owed based on the same exemption from overtime claimed by
5  DEFENDANTS, namely the "motor carrier exemption." These questions are such that proof of a
6  state of facts common to the members of the class will entitle each member of the class to the
7  relief requested in this complaint.

8    7.    PLAINTIFFS and the members of the class PLAINTIFFS represent have no plain,
9  speedy, or adequate remedy at law against DEFENDANTS, other than by maintenance of this
10 class action, because PLAINTIFFS are informed and believe, and on information and belief allege,
11 that the damage to each member of the class is relatively small and that it would be economically
12 infeasible to seek recovery against DEFENDANTS other than by a class action.

13   8.    PLAINTIFFS will fairly and adequately represent the interest of the class, because
14 PLAINTIFFS are members of the class and PLAINTIFFS' claims are typical of those in the class.

15   9.    DEFENDANTS have been on notice that its non-exempt employees working in the
16 positions of senior pest elimination specialists and pest elimination specialists were challenging
17 DEFENDANTS' blanket exemption from overtime compensation based on the filing of the class
18 action entitled *Roe v. Ecolab*, Ventura County Superior Court Case No. CIV 233936, on May 24,
19 2005 and the class action entitled *Deitz  v. Ecolab*, Ventura County Superior Court Case No. CIV
20 241827on June 26, 2007.

### FIRST CAUSE OF ACTION

**(Action brought by Plaintiff LADORE and MOES 1 through 3,000, inclusive,**

**for Failure to Pay Wages Against ECOLAB and DOES 1 through 100)**

24   10.   PLAINTIFFS refer to paragraphs 1 through 9, and incorporate the same by
25 reference as though fully set forth at length.

26   11.   PLAINTIFFS in the aforementioned class are employees who have been working
27 for DEFENDANTS within four years of the date of filing this Complaint.  PLAINTIFFS and the
28 class worked as non-exempt employees for DEFENDANTS.

3
COMPLAINT

12.     PLAINTIFFS and all members of the class regularly worked hours for which they were not paid the correct hourly wage. It is alleged that DEFENDANTS intentionally denied the class wages which should have been paid and violated California Labor Code section 510 and applicable IWC wage orders by failing to pay wages and failing to allow meal periods as allowed by law.

13.     Labor Code section 200 defines "wages" as including all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

14.     California Labor Code section 202 provides that all wages shall become due and payable not later than 72 hours after the employee provides notice of his intention to quit. In this case, DEFENDANTS, and each of them, have refused and continue to refuse PLAINTIFFS' wages.

15.     Pursuant to California Labor Code section 203, it is alleged that DEFENDANTS have willfully failed to pay without abatement or reduction, in accordance with Labor Code sections 201, 201.5, 202, all of the wages of the PLAINTIFFS. DEFENDANTS are aware that they owe the wages claimed, yet they have willfully failed to make payment. As a result, PLAINTIFFS seek wages and penalties pursuant to Labor Code section 203.

16.     PLAINTIFFS and the class have been available and ready to receive wages owed to them, including overtime wages.

17.     PLAINTIFFS have never refused to receive any payment, nor have PLAINTIFFS been absent from their regular place of residence.

18.     DEFENDANTS' failure to pay PLAINTIFFS' wages due and owing PLAINTIFFS, as indicated in prior paragraphs, was willful; DEFENDANTS have knowingly refused to pay any portion of the amount due and owing PLAINTIFFS.

19.     Pursuant to Labor Code Section 1194, Plaintiffs request the Court to award PLAINTIFFS' reasonable attorneys' fees and costs incurred in this action. PLAINTIFFS also request all unpaid wages, waiting time penalties and interest.

WHEREFORE, PLAINTIFFS demand judgment against DEFENDANTS, and each of

4

COMPLAINT

them, as follows:

    1.    For wages owed according to proof;

    2.    For prejudgment interest at the statutory rate;

    3.    For statutory penalties pursuant to Labor Code sections 203 and 558;

    4.    For reasonable attorneys' fees pursuant to Labor Code section 1194;

    5.    For costs of suit; and

    7.    For any other and further relief that the Court considers just and proper.

**SECOND CAUSE OF ACTION**

**(Action brought by Plaintiff LADORE and MOES 1 through 3,000,**

**inclusive, for Unfair Competition/Violation of Business and Professions**

**Code §17200 Against ECOLAB and DOES 1 through 100)**

    20.    PLAINTIFFS refer to paragraphs 1 through 19, and incorporate same by reference as though fully set forth at length.

    21.    This cause of action is being brought pursuant to Business and Professions Code Section 17200 and California case law, including *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.App.4th 163.

    22.    It is alleged that DEFENDANTS have willfully failed to pay employees wages owed: DEFENDANTS' failure to pay both current employees and past employees wages which are owed under California and Federal wage and hour laws pursuant to *Aguilar v. Association for Retarded Citizens* (1991) 234 Cal.App.3d 21, constitutes an unfair business practice under California Business and Professions Code section 17200 and pursuant to California case law, including *Harris v. Investor's Business Daily, Inc.* (2006) 138 Cal.App.4th 28.

    23.    As a result of the conduct of ECOLAB and DOES 1 through 100, DEFENDANTS profited from breaking the law.  PLAINTIFFS seek disgorgement of this unlawfully obtained benefit.

    24.    California Business and Professions Code section 17203, under the authority of which a restitutionary order may be made, provides:

    Any person who engages, has engaged, or proposes to engage in unfair

5

**COMPLAINT**

competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use of employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 282 of the Code of Civil Procedure, but these limitations do not apply to claims brought under his chapter by the Attorney General, or any district attorney, county counsel, city attorney, or city prosecutor in this state.

25.     As a result of the alleged aforesaid actions, PLAINTIFFS and the class have suffered injury in fact and have lost money as a result of such unfair competition.

26.     In this case, it is requested that this Court order such restitution.

WHEREFORE, PLAINTIFFS demand judgment against DEFENDANTS, and each of them, as follows:

1.     For an equitable order, ordering DEFENDANTS to pay all former and current non-exempt employees all wages, interest, and penalties they are owed;

2.     For the appointment of a receiver to perform an accounting of all monies owed to these employees;

3.     For any and all injunctive relief this Court deems necessary pursuant to California Business and Professions Code section 17203;

4.     For attorney's fees and costs;

5.     For prejudgment interest pursuant to Civil Code sections 3288 and 3291 on all amounts claimed; and

6.     For any other and further relief that the Court considers proper.

/////
/////

**THIRD CAUSE OF ACTION**

(Action for brought by Plaintiff LADORE and MOES 1 through 3,000, inclusive, for

Violation of Private Attorneys General Act [California Labor Code § 2699] Against

ECOLAB and DOES 1 through 100)

27.    PLAINTIFFS refer to paragraphs 1 through 26, and incorporate same by reference as though fully set forth at length.

28.    PLAINTIFFS are former employees of DEFENDANTS within the last four years.

29.    PLAINTIFFS and all members of the class regularly worked hours for which they were not paid the correct hourly wage. It is alleged that DEFENDANTS intentionally denied the class wages which should have been paid and violated California Labor Code section 510 and applicable IWC wage orders.

30.    Labor Code section 200 defines "wages" as including all amounts for labor performed by employers of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

31.    California Labor Code section 202 provides that all wages shall become due and payable not later than 72 hours after the employee provides notice of his intention to quit. In this case, DEFENDANTS, and each of them, have refused and continue to refuse to pay PLAINTIFFS and its non-exempt employees wages owed.

32.    In the case at bar, the DEFENDANTS have misclassified the workers (Senior Pest Elimination Service Specialists and Pest Elimination Service Specialists) as exempt employees. Accordingly, the class of workers is owed for overtime and doubletime owed, but unpaid. Further, DEFENDANTS violated numerous other California Labor Codes, including, but not limited to sections 201, 202, 203, 226, 226.7, 510, 512, 558, 1194, and 2802.

33.    DEFENDANTS, and each of them, are subject to civil penalties for such conduct pursuant to California Labor Code section 2699.

34.    Plaintiffs have fully complied with the statutory requirements of California Labor Code section 2699.3. Correspondence was sent as required on or about August 29, 2011, which gave written notice by certified mail to the California Labor and Workforce Development Agency

7

COMPLAINT

and the employer of the specific provisions of the Labor Codes alleged to have been violated, including the facts and theories to support the alleged violations.  More than 33 days have passed since PLAINTIFFS gave written notice, yet PLAINTIFFS have not yet received notice that the Labor and Workforce Development Agency intends to pursue an action for penalties against DEFENDANTS.

35.    DEFENDANTS' failure to pay PLAINTIFFS' wages due and owing PLAINTIFFS as indicated in prior paragraphs was willful.  DEFENDANTS have knowingly refused to pay any portion of the amount due and owing PLAINTIFFS.  Further, DEFENDANTS have not taken any actions to "cure" the Labor Code violations pursuant to California Labor Code section 2699 et seq.

36.    By failing to pay PLAINTIFFS and the current and past aggrieved employees, DEFENDANTS have violated numerous California Labor Code Sections, including, but not limited to California Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512, 558, and 1194. Civil penalties are appropriate.

WHEREFORE, PLAINTIFFS demand judgment against DEFENDANTS, and each of them, as follows:

1.    For civil penalties of one hundred dollars ($100) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation [pursuant to California Labor Code section 2699] to be distributed in accordance with California Labor Code section 2699.

2.    For attorneys' fees and costs pursuant to California Labor Code section 2699(g);

3.    For any other and further relief that the Court considers proper.

Dated:  October 5, 2011

PALAY LAW FIRM
A Professional Corporation

By: _____
Michael A. Strauss
Attorneys for Plaintiff

8

COMPLAINT

*Shaw*



**Service of Process Transmittal**
10/14/2011
CT Log Number 519320257

TO:     James Seifert
        Ecolab Inc.
        370 Wabasha Street North
        Saint Paul, MN 55102

RE:     **Process Served in California**

FOR:    Ecolab Inc. (Domestic State: DE)

RECEIVED

OCT 1 8 2011

JAMES R. ROLLWAGEN

J. J. SEIFERT

OCT 1 8 2011

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Doug Ladore, an individual, for himself and those similarly situated, et al., Pltfs. vs. Ecolab, Inc., etc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Attachment(s), Addendum and Statement, Notice, Stipulation Form(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Central District, CA Case # BC471168 |
| **NATURE OF ACTION:** | Employee Litigation - Class Action - Unpaid Wages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/14/2011 at 16:06 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Michael A. Strauss Palay Law Firm, APC 121 N. Fir Street, Suite F Ventura, CA 93001 805-641-6600 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 797633583732 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / WT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT B

10|14
1:25pm

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** ECOLAB, INC., a Delaware
*(AVISO AL DEMANDADO):* Corporation

AND DOES 1 through 100 Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** DOUG LADORE, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Individual, for
himself and those similarly situated; MOES 1 Through
3000 and the proposed class

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 07 2011

John A. Clarke, Executive Officer/Clerk
By _____ , Deputy
SHAUNYA WESLEY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* <br> LOS ANGELES COUNTY SUPERIOR COURT <br> 111 N. HILL STREET <br> <br> LOS ANGELES, CA | CASE NUMBER: *(Número del Caso):* <br> BC 471 168 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MICHAEL A. STRAUSS -- SBN246718        805-641-6600    805-641-6607
PALAY LAW FIRM
121 N. FIR STREET
VENTURA, CA 93001

DATE:          OCT 07 2011        Clerk, by _____ , Deputy
*(Fecha)*                         *(Secretario)*                    *(Adjunto)*

*Shaunya Wesley*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* ECO LAB, INC
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions™

Code of Civil Procedure §§ 412.20, 465

# EXHIBIT C

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>MICHAEL A. STRAUSS<br>PALAY LAW FIRM<br>121 N. FIR STREET<br>SUITE F<br>VENTURA, CA 93001<br>TELEPHONE NO.: 805-641-6600   FAX NO.: 805-641-6607<br>ATTORNEY FOR *(Name):* PLAINTIFF DOUG LADORE | FOR COURT USE ONLY<br><br>**FILED**<br>Los Angeles Superior Court<br><br>OCT 07 2011<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>SHAUNYA WESLEY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA
BRANCH NAME:

CASE NAME: LADORE v. ECOLAB

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER:<br>BC 471 168 |
|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 3
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: OCTOBER 5, 2011
MICHAEL A. STRAUSS
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice—Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ—Administrative Mandamus
  Writ—Mandamus on Limited Court Case Matter
  Writ—Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal—Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: LADORE v. ECOLAB | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES CLASS ACTION? [X] YES LIMITED CASE? [ ] YES TIME ESTIMATED FOR TRIAL 7 [ ] HOURS/ [X] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A** , the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

## CIVIL CASE COVER SHEET ADDENDUM
## AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

LA-CV109

| SHORT TITLE: LADORE v. ECOLAB | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels ____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F  Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: LADORE v. ECOLAB | CASE NUMBER |
| --- | --- |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: LADORE V. ECOLAB | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 18383 Railroad Street |
|---|---|
| [✓]1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: City of Industry | STATE: CA | ZIP CODE: 91748 |
|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the STANLEY MOSK courthouse in the CENTRAL District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: OCTOBER  ,  2011

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
MICHAEL A. STRAUSS

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 4 of 4

# EXHIBIT D

 **CT Corporation**

**Service of Process Transmittal**
11/01/2011
CT Log Number 519400485

**RECEIVED**
NOV 0 2 2011
D.A. CHRISTOPHERSON

**TO:**  James Seifert
Ecolab Inc.
370 Wabasha Street North
Saint Paul, MN 55102

**RE:**  **Process Served in California**

**FOR:**  Ecolab Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Doug Ladore, an individual, for himself and those similarly situated, et al., Pltfs. vs. Ecolab, Inc., etc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Notice, Exhibit(s), Proof of Service, Mailing List |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Central District, CA Case # BC471168 |
| **NATURE OF ACTION:** | Employee Litigation - Notice of order that the above-captioned case is designed as non-complex and for its reassignment |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 11/01/2011 postmarked on 10/26/2011 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Michael A. Strauss Palay Law Firm, APC 121 N. Fir Street, Suite F Ventura, CA 93001 805-641-6600 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 797687228123 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

**J. J. SEIFERT**

NOV 0 2 2011

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process
Transmittal**
11/01/2011
CT Log Number 519400485

TO:     James Seifert
        Ecolab Inc.
        370 Wabasha Street North
        Saint Paul, MN 55102

RE:     **Process Served in California**

FOR:    Ecolab Inc. (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Summons, Complaint, Cover Sheet, Attachment(s), Addendum and Statement, Notice, Stipulation Form(s) | By Process Server on 10/14/2011 at 16:06 | James Seifert Ecolab Inc. | 519320257 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

1  Daniel J. Palay, SBN 159348
   Michael A. Strauss, SBN 246718
2  **PALAY LAW FIRM**
   A Professional Corporation
3  121 N. Fir Street, Suite F
   Ventura, CA 93001
4  Phone: (805) 641-6600; Fax: (805) 641-6607
   E-mail: mike@palaylaw.com
5
   Alejandro P. Gutierrez, SBN 107688
6  **Law Offices of HATHAWAY, PERRETT, WEBSTER,**
   **   POWERS, CHRISMAN & GUTIERREZ**
7  A Professional Corporation
   5450 Telegraph Road, Suite 200
8  Ventura, CA 93006-3577
   Phone: (805) 644-7111; Fax: (805) 644-8296
9  E-mail: agutierrez@hathawaylawfirm.com

10  Attorneys for Plaintiff DOUG LADORE

11

12                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                          FOR THE COUNTY OF LOS ANGELES

14  DOUG LADORE, an Individual, for himself      )
    and those similarly situated; MOES 1        )   **CASE NO.  BC471168**
15  Through 3000 and the proposed class,         )
                                                 )   **Complaint Filed:    October 7, 2011**
16              Plaintiffs,                       )   **Assigned to:  Hon. Ruth Ann Kwan**
                                                 )   **Dept. 72**
17         v.                                    )
                                                 )
18  ECOLAB, INC., a Delaware Corporation; and    )   **NOTICE OF ORDER**
    DOES 1 Through 100, Inclusive,               )
19                                               )
                Defendants.                      )
20                                               )
                                                 )
21                                               )

22

23      **TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:**

24      **PLEASE TAKE NOTICE** that the Court on its own motion has made the following

25  Orders:

26         1.      The matter is designated as non-complex; and

27         2.      The matter is reassigned to Hon. Ruth Ann Kwan in Department 72 for all further

28  proceedings.

                                              1
                                       NOTICE OF ORDER

1    A copy of the Court's Minute Order is attached hereto as Exhibit "A".

2

3    Dated:   October 25, 2011                    PALAY LAW FIRM

4                                                 A Professional Corporation

5

6                                                 By: _____

7                                                     Michael A. Strauss
                                                     Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 10/20/11 | | DEPT. 324 |
|---|---|---|
| HONORABLE **EMILIE H. ELIAS** JUDGE | **A. MORALES** | DEPUTY CLERK |
| HONORABLE JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| **NONE** Deputy Sheriff | **NONE** | Reporter |

| 8:30 am | BC471168 | Plaintiff Counsel | | |
|---|---|---|---|---|
| | DOUG LADORE | | NO APPEARANCES | |
| | VS | Defendant | | |
| | ECOLAB INC | Counsel | | |
| | NON-COMPLEX (10-20-11) | | | |

**NATURE OF PROCEEDINGS:**


COURT ORDER

This Court makes its determination whether or not this
case should be deemed complex pursuant to Rule 3.400
of the California Rules of Court.

This case is designated non-complex and is reassigned
to Judge Ruth Ann Kwan in Department 72 at
Stanley Mosk Courthouse for all further proceedings.

Plaintiff is ordered to serve a copy of this minute
order on all parties forthwith and file a proof of
service in Department 72 within five (5) days of
service.

Any party objecting to the non-complex designation
must file an objection and proof of service in
Department 324 within ten (10) days of service of this
minute order. Any response to the objection must be
filed in Department 324 within seven (7) days of
service of the objection. This Court will make its
ruling on the submitted pleadings.


CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER


Page   1 of   2   DEPT. 324

MINUTES ENTERED
10/20/11
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 10/20/11 | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS            JUDGE | A. MORALES            DEPUTY CLERK |
| HONORABLE                      JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE                      Deputy Sheriff | NONE            Reporter |

| | | |
|---|---|---|
| 8:30 am | BC471168 | Plaintiff<br>Counsel |
| | DOUG LADORE<br>VS<br>ECOLAB INC | NO APPEARANCES<br><br>Defendant<br>Counsel |
| | NON-COMPLEX (10-20-11) | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
10-20-11 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 10-20-11

John A. Clarke, Executive Officer/Clerk

By: _K. Bowen_____
          K. Bowen

PALAY LAW FIRM
Daniel J. Palay, Esq.
121 N. Fir Street, Suite F
Ventura, California 93001

Page    2 of  2    DEPT. 324

MINUTES ENTERED
10/20/11
COUNTY CLERK

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is PALAY LAW FIRM, 121 N. Fir Street, Suite F, Ventura, California 93001.  On October 26, 2011, I served the within documents:  **NOTICE OF ORDER**

_____  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

__X__  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Ventura, California addressed as set forth below.

_____  by placing the document(s) listed above in a sealed envelope and depositing for pick-up in a designated FedEx box via **FedEx Overnight** delivery at Ventura, California addressed as set forth below.

### SEE ATTACHED MAILING LIST

_____  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__X__  *(State)*  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____  *(Federal)*  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 26, 2011, at Ventura, California.

MONIQUE MARTINEZ

Re:  Ladore v. Ecolab
Los Angeles County Superior Court
Case No. BC471168

## MAILING LIST

CT CORP
AGENT FOR SERVICE OF PROCESS
818 West 7th Street
Los Angeles, CA  90017



**PALAY**
**LAW FIRM**
Employment Litigation

121 N. Fir Street, Suite F – Ventura, CA 93001

U.S. POSTAGE
$ 000.640
02 1P
0001666252   OCT 26 2011
MAILED FROM ZIP CODE 93001

CT CORP
AGENT FOR SERVICE OF PROCESS
818 West 7th Street
Los Angeles, CA 90017

# EXHIBIT E

# COPY

JODY A. LANDRY, Bar No. 125743
LENA K. SIMS, Bar No. 212904
LITTLER MENDELSON, P.C.
A Professional Corporation
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
Telephone:    619.232.0441
Fax No.:      619.232.4302

Attorneys for Defendant
ECOLAB INC.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 08 2011

John A. Clarke, Executive Officer/ Clerk
By: Moses Soto, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| DOUG LADORE, an Individual, for Himself and Those Similarly Situated; MOES 1 Through 3000 and the Proposed Class,<br><br>Plaintiffs,<br><br>v.<br><br>ECOLAB, INC., a Delaware Corporation; and DOES 1 Through 100, Inclusive,<br><br>Defendants. | Case No.  BC471168<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS-ACTION COMPLAINT**<br><br>Dept.    72<br>Judge:   Hon. Ruth Ann Kwan<br><br>Complaint Filed:   October 7, 2011<br>Trial Date:        Not Set |

Defendant ECOLAB INC. ("Defendant") hereby answers the Class-Action Complaint ("Complaint") filed by Plaintiff DOUG LADORE  ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint. In addition, Defendant denies that Plaintiff has sustained, or will sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of Defendant.

///

///

LITTLER MENDELSON, P.C
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff failed, refused and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

### THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint is barred because Plaintiff is exempt based on multiple exemptions including, but not limited to, the exemption applicable to drivers of vehicles transporting hazardous materials under California law.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that there is no private right of action for an employee to recover damages under Sections 201, 201.5, 202, 203, 226, 226.7, 510, 512, 558, 1194 and 1198 of the California Labor Code.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each and every alleged cause of action therein is barred in whole or in part by the equitable doctrines of laches, unclean hands, estoppel and/or waiver, including the waiver of meal periods and rest breaks.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint, Defendant alleges that Plaintiff lacks standing to assert the claims alleged in the Complaint either individually or on a representative basis.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint, Defendant alleges that to the extent Plaintiff and/or any persons he seeks to represent are entitled to any additional

LITTLER MENDELSON, P.C
A Professional Corporation
501 W Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

2.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS-ACTION COMPLAINT

1   compensation, such additional compensation must be offset by the amount of any compensation

2   and/or other monies Plaintiff and/or those he seeks to represent received from Defendant in excess of

3   the compensation to which they were legally entitled to for the work performed, including but not

4   limited to hours paid for time in which no work was performed.

5   EIGHTH AFFIRMATIVE DEFENSE

6   As a separate and distinct affirmative defense to the Complaint, Defendant alleges

7   that the claims asserted are barred to the extent Plaintiff and/or those he seeks to represent released

8   the claims and damages sought and/or acknowledged an accord and satisfaction of any claim

9   asserted in the Complaint.

10   NINTH AFFIRMATIVE DEFENSE

11   As a separate and affirmative defense, Defendant alleges that the claims asserted in the

12   Complaint, or some of them, are barred by collateral estoppel and/or res judicata.

13   TENTH AFFIRMATIVE DEFENSE

14   As a separate and distinct affirmative defense, Defendant alleges that each purported cause of

15   action set forth in the Complaint is barred in whole or in part by the applicable statute(s) of

16   limitation, including without limitation, the three-year limitations period contained in California

17   Code of Civil Procedure section 338(a); the one-year limitations period governing recovery of

18   statutory penalties contained in California Code of Civil Procedure section 340(a); and/or the four

19   year limitations period found in Business and Professions Code section 17208 as well as the

20   limitations set forth in Labor Code section 203.

21   ELEVENTH AFFIRMATIVE DEFENSE

22   As a separate and distinct affirmative defense, Defendant alleges that each purported cause of

23   action in the Complaint, or some of the causes of action, are barred, or recovery should be reduced,

24   pursuant to the doctrine of avoidable consequences.

25   TWELFTH AFFIRMATIVE DEFENSE

26   As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each

27   cause of action set forth therein cannot be maintained because, without admitting that any violation

28   took place, Defendant alleges that any violation of the California Labor Code or of a Wage Order of

LITTLER MENDELSON, P.C.
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

3.

1  the Industrial Welfare Commission was an act or omission made in good faith, and that in any

2  participation in such acts, Defendant had reasonable grounds for believing that the act or omission

3  was not a violation of the California Labor Code or any Wage Order of the Industrial Welfare

4  Commission.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

6  As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each

7  cause of action set forth therein are barred because Plaintiff failed to timely and completely exhaust

8  the requisite administrative remedies, statutory, and/or contractual remedies available to him prior to

9  commencing this action.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

11  As a separate and distinct affirmative defense, Defendant alleges that, to the extent that

12  Plaintiff claims penalties, such claim must comport with the due process requirements of *State Farm*

13  *v. Campbell*, 538 U.S. 408 (2003).

<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

15  As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and

16  each cause of action in the Complaint, or some of them, are barred because the Wage Orders of the

17  Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendant's

18  rights under the United States and California Constitutions to, among other things, due process of

19  law.

<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

21  As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to

22  properly state a claim for attorney's fees under California Code of Civil Procedure section 1021.5,

23  California Labor Code section 1194 or 2699(g), California Business and Professions Code section

24  17200, *et seq.*, or any other basis.

<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

26  As a separate and distinct affirmative defense, Defendant alleges that some or all of the

27  purported causes of action alleged in the Complaint are barred in whole or in part because any

28  monies owed to Plaintiff and others for whom he seeks to recover have been paid in full and any

LITTLER MENDELSON, P.C
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619.232.0441

4.

1   obligations the Defendant may have owed to Plaintiff and those for whom he seeks to recover have

2   been paid or otherwise satisfied in full pursuant to a settlement reached in *Roe v. Ecolab* and/or *Deitz*

3   *v. Ecolab*.

### EIGHTEENTH AFFIRMATIVE DEFENSE

5   As a separate and distinct affirmative defense, Defendant alleges that it was not required to

6   and/or did not fail to provide meal periods pursuant to the California Labor Code, applicable wage

7   orders issued by the Industrial Welfare Commission, or any other basis.

### NINETEENTH AFFIRMATIVE DEFENSE

9   As a separate and distinct affirmative defense, Defendant alleges that any failure of Plaintiff

10  to take meal periods was the result of his own exercise of discretion and independent judgment as he

11  was provided with the opportunity to take them.

### TWENTIETH AFFIRMATIVE DEFENSE

13  As a separate and distinct affirmative defense, Defendant alleges that any failure on

14  Plaintiff's part to take meal periods, to comply with Defendant's work-time recording polices and

15  requirements, was the result of failure by Plaintiff to follow Defendant's reasonable instructions.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

17  As a separate and distinct affirmative defense, Defendant alleges that it acted in a reasonable

18  and good faith belief that it complied with its obligations, if any, under the California Labor Code,

19  specifically including Sections 226.7 and 512 thereof, as to Plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

21  As a separate and distinct affirmative defense, Defendant alleges that Plaintiff has been paid

22  and/or received all wages due to him by virtue of his employment.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

24  As a separate and distinct affirmative defense, Defendant alleges that assuming, *arguendo*,

25  that Plaintiff is entitled to additional compensation, Defendant has not willfully or intentionally

26  failed to pay any such additional compensation to Plaintiff to justify any awards of penalties or fees.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

28  As a separate and distinct affirmative defense, Defendant alleges that each purported cause of

LITTLER MENDELSON, P.C
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

5.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS-ACTION COMPLAINT

1   action set forth in the Complaint is barred in whole or in part because the time Plaintiff and the
2   individuals he seeks to represent spent on work-related activities for which compensation was
3   otherwise due but was not paid was de minimis such that no compensation is owed.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

5   As a separate and distinct affirmative defense, Defendant alleges that some or all of the
6   purported cause of action alleged in the Complaint are barred because Defendant issued paychecks
7   substantially compliant with the requirements of California Labor Code section 226, if applicable,
8   and Defendant did not knowingly or intentionally fail to comply with the requirements of California
9   Labor Code section 226.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

11   As a separate and distinctive affirmative defense, Defendant alleges that Plaintiff sustained
12   no injury from any alleged failure by Defendant to comply with Labor Code section 226.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

14   As a separate and distinct affirmative defense, Defendant alleges that the Second Cause of
15   Action is barred because there is a bona fide dispute as to whether Defendant failed to pay all wages
16   due under Labor Code sections 201 or 202.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

18   As a separate and distinct affirmative defense to the Complaint, Defendant alleges that, even
19   if Plaintiff or any person he seeks to represent are entitled to any additional compensation,
20   Defendant has not willfully or intentionally failed to pay any such additional compensation to
21   Plaintiff, or any person he seeks to represent, to justify an award of penalties or fees, whether under
22   California Labor Code section 203 or otherwise.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

24   As a separate and distinct affirmative defense to the Complaint, Defendant alleges that
25   Plaintiff has failed to state facts sufficient to constitute a claim for waiting time penalties under
26   Labor Code section 203 to the extent that any person claiming such penalties did not resign or was
27   not discharged prior to the filing of this action, or refused to accept final wages offered by
28   Defendant.

LITTLER MENDELSON, P.C.
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619 232 0441

6.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS-ACTION COMPLAINT

1

## THIRTIETH AFFIRMATIVE DEFENSE

2

3
As a separate and distinct affirmative defense, Defendant alleges that the prosecution of a

4
representative action on behalf of the general public under California Business and Professions Code

5
sections 17200 *et seq.*, as applied to the facts and circumstances of this case, would constitute a

6
denial of Defendant's due process rights, both substantive and procedural, in violation of the

California Constitution and the Fourteenth Amendment to the United States Constitution.

7

## THIRTY-FIRST AFFIRMATIVE DEFENSE

8

9
As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's prayer for

10
restitution pursuant to Business and Professions Code sections 17200 *et seq.* is barred with respect to

penalties of any nature.

11

## THIRTY-SECOND AFFIRMATIVE DEFENSE

12

13
As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's prayer for

restitution or injunctive relief under California Business and Professions Code sections 17200 *et*

14

15
*seq.*, is barred with respect to any alleged violations that have discontinued, ceased, or are not likely

to reoccur.

16

## THIRTY-THIRD AFFIRMATIVE DEFENSE

17

18
As a separate and distinct affirmative defense, Defendant alleges that the prayer for

19
restitution, declaratory relief, and injunctive relief is barred with respect to any and all alleged

20
violations of California Business and Professions Code section 17200, *et seq.* that have discontinued,

ceased, and are not likely to recur.

21

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

22

23
As a separate and distinct affirmative defense, Defendant alleges that its business

24
actions or practices were not unfair, unlawful, fraudulent or deceptive within the meaning of

California Business and Professions Code section 17200, *et seq.*

25

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

26
As a separate and distinct affirmative defense to Plaintiff's Fifth Cause of Action, Defendant

27
alleges that Plaintiff and the putative class members do not qualify as aggrieved employees for

28

LITTLER MENDELSON, P.C.
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

7.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS-ACTION COMPLAINT

1  purposes of the Private Attorneys General Act of 2004, as amended.

THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff lacks standing to bring claims for any civil penalties on behalf of others because he is not an "aggrieved employee," pursuant to the Labor Code Private Attorneys General Act [Labor Code section 2699 *et seq.*].

THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that penalties under the Labor Code Private Attorneys General Act [Labor Code section 2699 *et seq.*] cannot be determined on a class-wide and/or representative basis.

THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that any penalties awarded against it pursuant to the Labor Code Private Attorneys General Act [Labor Code section 2699 *et seq.*] would be unjust, arbitrary, oppressive or confiscatory.

THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendant alleges that the Private Attorneys General Act [labor Code section 2699 *et seq.*] is unconstitutional because it violates the separation of powers doctrine of the federal and California Constitutions, impermissibly delegates prosecutorial authority outside of the executive branch and violates due process.

FORTIETH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff cannot recover statutory penalties on behalf of other "aggrieved employees" pursuant to the Labor Code Private Attorneys General Act [Labor Code section 2699 *et seq.*]

FORTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the named Plaintiff failed to exhaust all applicable administrative remedies, including those under the Private Attorneys Generals Act, section 2699 *et seq.*

FORTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff cannot satisfy the prerequisites for class certification and therefore cannot represent the interests of others.

LITTLER MENDELSON, P.C.
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

8.

## FORTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint, Defendant alleges that the class claims are barred in whole or in part because the purported class definitions are uncertain, ambiguous and conclusory.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that certification of a class and/or allowing the action to proceed with Plaintiff as a representative of the general public, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant states it does not presently know all facts concerning the conduct of Plaintiff and his claims sufficient to state all affirmative defenses at this time.  Defendant will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

## I.
## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment from this Court as follows:

1. Plaintiff take nothing by this action;

2. That the Complaint be dismissed with prejudice and that judgment be entered against Plaintiff and in favor of Defendant on each cause of action;

3. That Defendant be awarded its attorneys' fees and costs of suit to the extent permitted under applicable law including, without limitation, California Labor Code section 218.5; and

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA  92101 3577
619 232 0441

9.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS-ACTION COMPLAINT

4.    Such other and further relief as the Court deems appropriate and proper.

Dated: November 8, 2011

JODY A. LANDRY
LENA K. SIMS
LITTLER MENDELSON, P.C.
A Professional Corporation
Attorneys for Defendant
ECOLAB INC.

Firmwide:104684766.1 057118.1114

LITTLER MENDELSON, P.C.
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

10.

DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS-ACTION COMPLAINT

**Doug Ladore v. Ecolab, Inc.**
**Los Angeles Superior Court, Case No.: BC471168**

1

## PROOF OF SERVICE BY MAIL

2

I am employed in San Diego County, California.  I am over the age of eighteen years

3

and not a party to the within-entitled action.  My business address is 501 W. Broadway, Suite 900,

4

San Diego, California  92101.3577.  I am readily familiar with this firm's practice for collection and

5

processing of correspondence for mailing with the United States Postal Service.  On **November 8,**

6

**2011**, I placed with this firm at the above address for deposit with the United States Postal Service

7

a true and correct copy of the within document(s):

8

## DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS-ACTION COMPLAINT

9

10

in a sealed envelope, postage fully paid, addressed as follows:

11

| Daniel J. Palay, Esq. | Alejandro G. Gutierrez, Esq. |
|---|---|
| Michael A. Strauss, Esq. | HATHAWAY, PERRETT, WEBSTER, POWERS, |
| PALAY LAW FIRM | CHRISMAN & GUTIERREZ |
| 121 N. Fir Street, Suite F | 5450 Telegraph Road, Suite 200 |
| Ventura, CA 93001 | Ventura, CA 93006-3577 |
| Telephone:    805.641.6600 | Telephone:    805.644.7111 |
| Facsimile:    805.641.6607 | Facsimile:    805.644.8296 |
| E-mail:    mike@palaylaw.com | E-mail:    agutierrez@hathawaylawfirm.com |

16

17

Following ordinary business practices, the envelope was sealed and placed for

18

collection and mailing on this date, and would, in the ordinary course of business, be deposited

19

with the United States Postal Service on this date.

20

I declare under penalty of perjury under the laws of the State of California that the

21

above is true and correct.

22

Executed on **November 8, 2011**, at San Diego, California.

23

24

Maria Ruvalcaba

25

26

Firmwide:104802979.1 057118.1114

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV11- 9386 GAF (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X]  Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ]  Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ]  Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| DOUG LADORE, an Individual for Himself and Those Similarly Situated; and MOES 1 Through 3000 and the Proposed Class | ECOLAB INC. a Delaware Corporation; and DOES 1 Through 100, Inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Daniel J. Palay, Esq., SBN 159348<br>**PALAY LAW FIRM**<br>121 N. Fir Street, Suite F<br>Ventura, CA 93001<br>Telephone: (805) 641-6600; Facsimile: (805) 641-6607 | Jody A. Landry, Esq., SBN 125743; Lena K. Sims, Esq. SBN 212904<br>LITTLER MENDELSON, P.C.<br>501 W. Broadway, Suite 900<br>San Diego, CA 92101-3577<br>Telephone: (619) 232-0441; Fax: (619) 232-4302 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
(1) Wages Owed; (2) Violation of Buisness & Professional Code Section 17200; and (3) Action for Civil Penalties and Unfair Labor Practices Brought Pursuant to the California Labor Code Private Attorney's General Act of 2004 [California Labor Code Section 2699]

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11-9386

**FOR OFFICE USE ONLY:**   Case Number: _____

CV-71 (05/08)   **CIVIL COVER SHEET**   Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Minnesota |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Los Angeles |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _/s/_ LENA K. SIMS   Date  November 10, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

**Key to Statistical codes relating to Social Security Cases:**

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                              CIVIL COVER SHEET